UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE KELLY | * | CIVIL ACTION |
| Plaintiff | * | NO: |
| VERSUS | * | SEC. |
| E. DUSTIN BICKHAM, WARDEN OF DIXON CORRECTIONAL INSTITUTE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY | * | JUDGE |
| | * | MAG. |
| Defendant | * | |
| ************************************ | * | **Jury Trial Demanded** |

**COMPLAINT FOR DAMAGES FOR CONSTITUTIONAL VIOLATIONS, WRONGFUL DEATH, AND SURVIVAL DAMAGES**

**Joyce Kelly** (hereinafter "Plaintiff"), a competent major and citizen of the State of Louisiana, files this Complaint for violation of CORNELIUS KELLY'S ("Kelly") civil rights based on the Defendant's deliberate indifference to his safety and reasonable expectation to be free from harm while incarcerated at Dixon Correctional Institute, a facility of the Louisiana Department of Public Safety and Corrections. Specifically, the Defendant's deliberate indifference to Kelly's safety by placing him in general population with other inmates following a previous altercation, namely Joseph Constance, Terrell Holmes, Arsenio Wells, and Taylor Williams, all of whom participated in the stabbing of Kelly, which ultimately resulted in his death on November 5, 2024, and violated his right to due process and to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

In support of these claims, Plaintiff shows as follows:

## I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the statutory and constitutional provisions. Plaintiff also invokes supplemental jurisdiction over claims under state law pursuant to 28 U.S.C. § 1367.

## II. PARTIES

(Plaintiff)

2. **Joyce Kelly** is a person of the full age of majority and a resident and citizen of the City of New Roads, Parish of Pointe Coupee, State of Louisiana.

(Defendant)

3. **E. Dustin Bickham ("Bickham")** is a person of the full age of majority and a resident and citizen of the State of Louisiana, in his individual and official capacity as Warden of the Dixon Correctional Institute. At all pertinent times, Bickham was the Warden of Dixon Correctional Institute, and as such was responsible for the supervision, administration, policies, practices, customs, operations, training, and staffing of Dixon Correctional Institute. Bickham was and is a final policymaker, and at all pertinent times was acting under color of law. Bickham is liable both directly and vicariously for the actions complained of herein.

## III. FACTUAL ALLEGATIONS

4. Prior to the fatal stabbing of Cornelius Kelly ("Kelly") on Tuesday, November 5, 2024, Kelly arrived at the Dixon Correctional Institute, which is located in East Feliciana Parish, to serve time on various burglary-related charges. Also present at Dixon Correctional

Institute were incarcerated individuals Joseph Constance, Terrell Holmes, Arsenio Wells, and Taylor Williams.

5. Upon information and belief, on or about Monday, November 4, 2024, Joseph Constance, Terrell Holmes, Arsenio Wells, and Taylor Williams instigated an altercation with Kelly, after which altercation Dixon Correctional Institute Warden E. Dustin Bickham and his subordinates knew or should have known that there was an increased substantial risk of Kelly being assaulted, battered, and/or potentially killed and further knew or should have known that Kelly required protective segregation and be removed from the prison's general population to ensure Kelly's health and safety.

6. Upon information and belief, on Tuesday, November 5, 2024, Kelly, while not segregated from the Dixon Correctional Institute general population following the previous altercation, was led into the prison yard by two of the inmates as two other inmates waited on him, all of whom are mentioned above.

7. Upon information and belief, Dixon Correctional Institute Warden E. Dustin Bickham and his subordinates failed to prevent Joseph Constance from obtaining and/or fashioning a knife, shank, or other sharp object prior to the fatal stabbing of Kelly.

8. Upon information and belief, and according to an autopsy performed by Jefferson Parish Forensic Center, once Kelly entered the prison yard, Kelly was immediately stabbed three times (once in the middle of his chest, once in the left part of his chest, and once in his left abdomen) by Joseph Constance, and Kelly walked back inside before he collapsed on the floor and died.

9. Kelly's death was due to the continued deliberate indifference of jail staff to ensure his safety and reasonable expectation to be free from harm from the tortious conduct of others.

10. At all times relevant to this Complaint, Defendant acted under color of state law.

11. Defendant is liable jointly, severally, and *in solido* for Kelly's death and for Plaintiff's injuries and damages.

12. Defendant is liable to Plaintiff for compensatory and punitive damages.

13. Defendant's actions were reckless, willful, wanton, and malicious, and constituted deliberate indifference to the rights of Cornelius Kelly. Defendant's actions were the proximate cause of the injuries and death of Cornelius Kelly and the damages to Plaintiff.

## IV. CAUSES OF ACTION

## COUNT 1:

### § 1983 VIOLATION BASED ON FAILURE TO TRAIN AND SUPERVISE HIS SUBORDINATES TO ENSURE INMATES ARE FREE FROM HARM

### E. DUSTIN BICKHAM

14. Defendant, E. Dustin Bickham, individually and in his official capacity, failed to train and supervise his subordinates to ensure that these subordinates would exercise reasonable care to protect inmates from harm, including harm caused by violent activity among inmates in the Dixon Correctional Institute general population.

15. Dixon Correctional Institute personnel knew or should have known that subsequent harm would befall Cornelius Kelly due to Cornelius Kelly's involvement in a previous altercation with Joseph Constance, Terrell Holmes, Arsenio Wells, and Taylor Williams.

16. Cornelius Kelly and Plaintiff were directly harmed by this failure to train and supervise subordinates because it caused the death of Cornelius Kelly, who was neither protected by Dixon Correctional Institute staff nor monitored in a constitutionally adequate fashion.

17. At all pertinent times herein, Defendant E. Dustin Bickham was aware of the need to train and supervise his subordinates to ensure that they did not violate inmates' rights. This

4

Defendant ignored that need and acted unreasonably and with deliberate indifference and disregard for the safety of Plaintiff's son, Cornelius Kelly, as described above.

18. Defendant Bickham is liable to Plaintiff for these failures to train and supervise both individually and, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), in his official capacity as Warden of Dixon Correctional Institute.

## COUNT 2:

### § 1983 VIOLATION BASED ON DELIBERATE INDIFFERENCE TO CORNELIUS KELLY'S CONSTITUTIONAL RIGHT TO A REASONABLY SAFE ENVIRONMENT

### E. DUSTIN BICKHAM

19. Defendant, E. Dustin Bickham, and under color of law, engaged in a course of conduct and conspired to engage in a course of conduct that acted to deprive Cornelius Kelly of his constitutional rights and did deprive him of said rights, specifically the right to be free from cruel and unusual punishment and the right to due process and equal protection of the laws as protected by the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. At all times pertinent herein, this Defendant acted unreasonably, recklessly, maliciously, and/or with deliberate indifference and disregard for the constitutional and civil rights and life and serious medical needs of the deceased, Cornelius Kelly, by failing to provide physical healthcare treatment and a reasonably safe environment to protect him from the risk of serious bodily injury and death due the tortious conduct of other inmates. Furthermore, this Defendant had the duty and ability to intervene to prevent the violations of the rights of Cornelius Kelly, as described herein, but chose not to do so.

## COUNT 3:

### NEGLIGENT, RECKLESS, INDIFFERENT AND/OR INTENTIONAL CONDUCT RESULTING IN INJURY AND DEATH

### E. DUSTIN BICKHAM

20. Defendant, E. Dustin Bickham, engaged in a course of conduct and conspired to engage in a course of conduct that caused injury and harm to Cornelius Kelly and ultimately led to his death. At all times pertinent herein, this Defendant acted intentionally, maliciously, recklessly, and/or negligently towards the deceased, Cornelius Kelly. Furthermore, this Defendant had the duty and ability to intervene to prevent the violent tortious conduct of others, as described herein, but failed to do so. He is therefore liable to Plaintiff under Louisiana state law for the torts of neglect, abandonment, assault, and battery pursuant to Louisiana Civil Code articles 2315.1 and 2315.2., the respective survival and wrongful death statutes.

## V. DAMAGES

21. As a result of the actions and inactions of Defendant as described above, damages have been incurred as follows:

    a. Cornelius Kelly (deceased) suffered conscious and severe physical, mental, and emotional distress, pain and suffering prior to his death, and lost his life.

    b. Joyce Kelly, Cornelius Kelly's mother, suffered emotional pain and suffering, past, present, and future; loss of support; loss of love, affection, and companionship of her son, Cornelius Kelly; and incurred funeral and other expenses associated with his death.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, **Joyce Kelly**, prays that after due proceedings are had that there be judgment rendered herein in Plaintiff's favor and against Defendant, **E. Dustin Bickham**, individually, jointly, and *in solido*, as follows:

a. Compensatory and punitive damages;

b. Reasonable attorneys' fees, as provided in 42 U.S.C. § 1988 and 42 U.S.C. § 12205;

c. All costs of these proceedings and legal interest; and

d. All other relief as appears just and proper to this Honorable Court.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury on all issues so triable.

> Respectfully submitted:
> **KLEINPETER | BOUTWELL**
>
> BY: _____
> Gary N. Boutwell, II (#22739)
> Lawrence J. Ingraffia (#40830)
> 6655 Jefferson Highway
> Baton Rouge, Louisiana 70806
> Tel: (225) 926-4130
> Fax: (225) 929-9817
> gary@ksbrlaw.com
> lawrence@ksbrlaw.com