UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOYCE KELLY                                          CIVIL ACTION

VERSUS                                               25-1014-SDD-RLB

E. DUSTIN BICKHAM

RULING

This matter is before the Court on the *Motion to Dismiss Pursuant to Rule 12(b)(6)* (hereinafter, "the *Motion*") filed by Defendant E. Dustin Bickham ("Defendant").[1] Plaintiff Joyce Kelly ("Plaintiff") opposes the *Motion*,[2] and Defendant has replied.[3] For the following reasons, the *Motion* shall be granted.

## I.      BACKGROUND

This case arises out of the events leading up to the death of Cornelius Kelly, Plaintiff's son, while he was incarcerated at Dixon Correctional Institute ("DCI").[4] Plaintiff filed suit against Defendant, the warden of DCI,[5] pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.[6] The *Complaint* raises causes of action under 42 U.S.C. § 1983 and Louisiana Civil Code articles 2315.1 and 2315.2.[7]

On or around November 4, 2024, inmates Joseph Constance, Terrell Holmes, Arsenio Wells, and Taylor Williams allegedly instigated an altercation with Cornelius Kelly.[8] After the altercation, neither Defendant nor his subordinates segregated Cornelius

---

[1] Rec. Doc. 8.
[2] Rec. Doc. 11; Rec. Doc. 16.
[3] Rec. Doc. 13; Rec. Doc. 19.
[4] Rec. Doc. 1.
[5] *Id.* at ¶ 3.
[6] *Id.* at ¶ 1.
[7] *Id.* at ¶¶ 1, 20.
[8] *Id.* at ¶ 5.

Kelly from DCI's general population.[9] Two of the four other inmates involved in the November 4 altercation led Cornelius Kelly to the prison yard on November 5, 2024.[10] Then, Joseph Constance allegedly stabbed Cornelius Kelly three times.[11] Cornelius Kelly walked back inside, collapsed, and died.[12]

The *Complaint* alleges Defendant and his subordinates knew or should have known that after the November 4 altercation, Cornelius Kelly had an "increased substantial risk" of being "assaulted, battered, and/or potentially killed" and that he needed to be removed from DCI's general population to ensure his health and safety.[13] The *Complaint* further claims Defendant "had the duty and ability to intervene to prevent the violations of" Cornelius Kelly's rights "but chose not to do so."[14]

Defendant now moves to dismiss the *Complaint* for failure to state a claim.[15] In opposition, Plaintiff filed her original *Opposition*[16] and a supplemental brief.[17] Plaintiff filed six "unusual occurrence reports" as attachments to the supplemental brief,[18] and she relies on the contents of these attachments to supplement her factual allegations and establish a plausible basis for her claims.[19]

## II.    LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard

---

[9] *Id.* at ¶ 6.
[10] *Id.*
[11] *Id.* at ¶¶ 6, 8.
[12] *Id.* at ¶ 8.
[13] *Id* at ¶ 5.
[14] *Id.* at ¶ 19.
[15] Rec. Doc. 8.
[16] Rec. Doc. 11.
[17] Rec. Doc. 16.
[18] Rec. Docs. 16-1, 16-2, 16-3, 16-4, 16-5, 16-6.
[19] Rec. Doc. 16, pp. 1–4.

When deciding a Rule 12(b)(6) motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[20] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[21] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[22]

A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[23] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[25] Furthermore, while the court must accept well-pleaded facts as true, it "need not 'strain to find inferences favorable to the plaintiff.'"[26] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[27]

---

[20] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[21] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[22] *Twombly*, 550 U.S. at 555 (2007) (internal citations omitted).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twomby*, 550 U.S. at 557).

[24] *Id.*

[25] *Id.*

[26] *Stringer v. Town of Jonesboro*, 986 F.3d 502, 512 (5th Cir. 2021) (quoting *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)).

[27] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When evaluating a Rule 12(b)(6) motion, the Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[28] The Court may also consider documents attached to a motion to dismiss if those documents "are referred to in the plaintiff's complaint and are central to her claim."[29] Plaintiff and Defendant attached multiple new documents to their supplemental briefing.[30] The Court chooses to exclude these attachments as matters outside the pleadings.

Additionally, "[t]he law is well-settled that arguments in a brief are not a substitute for properly plead allegations: 'it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.'"[31] Because "a motion to dismiss is evaluated on the operative complaint, not a plaintiff's opposition,"[32] the Court will not consider any factual allegations raised in the briefs but will instead rely solely on the factual allegations in the *Complaint*.

### B. Claims Under 42 U.S.C. § 1983

#### 1. Failure to Train or Supervise

The *Complaint* alleges Defendant "failed to train and supervise his subordinates" to ensure they "would exercise reasonable care to protect inmates from harm."[33] When a plaintiff alleges a supervisor is liable for a failure to train or supervise, "the plaintiff must

---

[28] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[29] *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

[30] Rec. Docs. 16-1, 16-2, 16-3, 16-4, 16-5, 16-6; Rec. Doc. 19, pp. 6–7.

[31] *Rainey v. J&S Truck Sales, L.L.C.*, 614 F. Supp. 3d 293, 302 n.56 (M.D. La. 2022) (quoting *Sheppard v. Cheeks*, No. 6:19-cv-01366, 2020 WL 2301367, at *2 (W.D. La. Apr. 13, 2020), *report and recommendation adopted*, 2020 WL 2248134 (W.D. La. May 7, 2020), *aff'd*, No. 20-30355, 2022 WL 964202 (5th Cir. Mar. 30, 2022)).

[32] *Belden Investments, L.L.C. v. Pharaoh Oil & Gas, Inc.*, No. 22-62, 2023 WL 5989528, at *6 (M.D. La. Sept. 14, 2023) (quoting *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 677–78 (M.D. La. 2019)).

[33] Rec. Doc. 1, ¶ 14.

show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."[34]

Plaintiff fails at the first element. "In order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective."[35] A plaintiff fails to adequately plead a failure to train or supervise claim when her allegations are a formulaic recitation of the elements without any "specific facts that rise above the speculative level" regarding "the lack of a training program" or the frequency of conduct that would put the defendant "on notice that training or supervision was needed."[36]

Defendant correctly asserts that the *Complaint* is devoid of any factual allegations regarding what training and supervision Defendant provided, how the training and supervision were deficient, or what training and supervision Defendant should have provided.[37] The *Complaint* instead makes conclusory allegations regarding Defendant's failure to train and supervise, without any facts to support these conclusions.[38]

Plaintiff's sole counterargument regarding the sufficiency of the first element is that her failure to train and supervise allegation "is supported by the facts of the case: Kelly was involved in an altercation with the same inmates who later murdered him, yet Kelly

---

[34] *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

[35] *Benfer v. City of Baytown, Tex.*, 120 F.4th 1272, 1287 (5th Cir. 2024) (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010)).

[36] *Parker v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022).

[37] Rec. Doc. 8-1, pp. 4–5. A plaintiff fails to plausibly allege liability under a failure to train theory where, as here, she makes "no attempt to identify a specific training program, point out particular deficiencies in that program, or explain why a lack of a formalized training program was constitutionally problematic." *Benfer*, 120 F.4th at 1287.

[38] Rec. Doc. 1, ¶¶ 14–18.

was obviously not separated from those same inmates."[39] Plaintiff's counterargument neither denies Defendant's contention that the *Complaint* lacks factual allegations regarding the actual training and supervision nor explains how the facts pled overcome this deficiency.

Plaintiff, therefore, has failed to plausibly allege how Defendant's training and supervision were defective. Accordingly, the *Complaint* does not establish the first element of the failure to train test, so Count 1 of the *Complaint* must be dismissed. However, because this is the first time the Court has ruled on a motion to dismiss the operative complaint, the Court will grant Plaintiff leave to amend.

### 2. Failure to Protect

The *Complaint* also alleges Defendant failed to protect Cornelius Kelly from the risk of serious bodily injury and death.[40] "Pursuant to the Eighth Amendment, inmates have the right to protection against injury by other inmates."[41] To state a claim for failure to protect under § 1983, Plaintiff must allege that Cornelius Kelly "was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."[42]

The deliberate indifference standard is "extremely high."[43] For deliberate indifference, "the plaintiff must allege that the defendants '(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'"[44]

---

[39] Rec. Doc. 11, p. 5 (citing Rec. Doc. 1, ¶ 3); *Id.* at pp. 6–7.
[40] Rec. Doc. 1, ¶ 19.
[41] *Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025).
[42] *Id.*
[43] *Garcia v. Tarawalie*, No. 4:23-CV-01468, 2026 WL 1725377, at *4 (S.D. Tex. June 15, 2026) (quoting *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).
[44] *Damond*, 127 F.4th at 938 (quoting *Rogers v. Boatright*, 709 F.3d 403, 407–08 (5th Cir. 2013)).

Defendant argues that the *Complaint* "does not allege any facts pertaining to the nature of the 'altercation,'" and therefore, there are not enough facts for the Court to infer that "DCI officials were or should have been on notice that Kelly was in need of protection."[45] Defendant further claims the *Complaint* contains conclusory allegations that Defendant "knew or should have known" about an increased risk to Cornelius Kelly's safety and the need for protective segregation.[46] The *Complaint*, however, allegedly lacks any factual allegations regarding Defendant or other DCI officials seeing or learning about the altercation or drawing the inference that a potential for harm existed.[47]

Plaintiff attempts to rebut these arguments by claiming the *Complaint* "alleges facts supporting both required elements" of a failure-to-protect claim.[48] However, the only factual allegations Plaintiff points to in support of this assertion are that Cornelius Kelly was incarcerated, in an altercation with other inmates, and later stabbed by the same inmates.[49] The other "facts" Plaintiff relies on are merely conclusory allegations that the conditions of incarceration posed "a substantial risk of serious harm" and that prison officials "were deliberately indifferent to that risk."[50]

The *Complaint* contains no factual allegations that suggest Defendant knew about the altercation, the severity of the altercation, or any other information from which the Court can infer that Defendant was aware of facts that led to an inference that a substantial risk of serious harm existed.[51] The *Complaint* instead provides only conclusory

---

[45] Rec. Doc. 8-1, pp. 7–8.
[46] *Id.* at p. 8 (citing Rec. Doc. 1, ¶ 5).
[47] *Id.*
[48] Rec. Doc. 11, p. 7.
[49] *Id.*
[50] *Id.*
[51] The allegations about what Defendant and his subordinates "knew or should have known" are conclusory and need not be accepted as true. *See Whitaker v. Farmer*, No. 23-339, 2024 WL 3237539, at *3 (S.D. Tex. May 28, 2024) (finding that an allegation that an individual "knew or should have known" something

statements, which the Court need not take as true. The *Complaint*, therefore, does not plausibly plead deliberate indifference, so Count 2 of the *Complaint* must be dismissed. Again, because this is the first time the Court has ruled on a motion to dismiss the operative complaint, the Court will grant Plaintiff leave to amend.

### C. State Law Claims

The *Complaint* also includes claims against Defendant under state law for "neglect, abandonment, assault, and battery pursuant to Louisiana Civil Code articles 2315.1 and 2315.2."[52] These claims are before the Court pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.[53] "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."[54] Because this case is before the Court pursuant to federal question jurisdiction and the federal law claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the Louisiana law claims. Accordingly, the Louisiana law claims in Count 3 of the *Complaint* will be dismissed without prejudice to Plaintiff's right to raise them again in an amended complaint.

### III.    CONCLUSION

For the foregoing reasons, the *Motion to Dismiss Pursuant to Rule 12(b)(6)*[55] filed by Defendant E. Dustin Bickham is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

---

was conclusory and "must be disregarded"). *See also Ulrich v. Scott*, No. 14-37, 2016 WL 4384788, at *5 (W.D. La. Aug. 16, 2016) (stating plaintiff's allegations regarding what others "knew or should have known are conclusory in nature and . . . not entitled to the assumption of truth").

[52] Rec. Doc. 1, ¶ 20.
[53] *Id.* at ¶ 1.
[54] *Damond*, 127 F.4th at 941.
[55] Rec. Doc. 8.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend her *Complaint*.

Plaintiff shall file an amended complaint within thirty (30) days from the date of this Ruling.

Failure to timely amend will result in a full dismissal with prejudice.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 23 day of July , 2026.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA